**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**NEWRAYS ONE, LLC** **PLAINTIFF**

**VS.** **4:24-CV-824-LPR**

**FAULKNER COUNTY, ARKANSAS;**
**ALLEN DODSON, in his official capacity as Faulkner County Judge;**
**TIM RYALS, in his official capacity as Faulkner County Sheriff;**
**CAROL CREWS, in her official capacity as Faulkner County Prosecting Attorney;**
**PHIL MURPHY, in his official capacity as Faulkner County Attorney;** **DEFENDANTS**

## RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

## I. INTRODUCTION

The Plaintiff in this case has sued Faulkner County and the State of Arkansas (through official capacity claims against their respective officers and agents, *see infra*). The Plaintiff's suit alleges that an ordinance enacted by Faulkner County - Ordinance 23-20 - violates the Plaintiff's state and federal constitutional (and perhaps statutory and/or common law, *see infra*) rights (1) under the First Amendment's free speech guarantees and (2) under the Fourteenth Amendment's due process protections.

In addition to filing its Complaint (the deadline for a responsive pleading has not yet passed), the Plaintiff has also moved for a preliminary injunction "to restrain Defendants and all persons acting in concert with Defendants from any action to enforce Ordinance 23-20." For the reasons set forth herein, the Plaintiff's motion for preliminary injunction should be denied.

## II. ARGUMENT

The Plaintiff in this case, a California Limited Liability Company (LLC) whose sole member is another LLC, alleges that its constitutional (and perhaps other) rights have been violated by the passage, enforcement, and/or spectre of prospective enforcement of Faulkner County Ordinance # 23-20. Doc. # 1. The Plaintiff's motion for preliminary injunction seeks to "to restrain Defendants and all persons acting in concert with Defendants from any action to enforce Ordinance 23-20." Doc. ## 3-4.

A district court considering injunctive relief evaluates the movant's likelihood of success on the

merits, the threat of irreparable harm to the movant, the balance of the equities between the parties, and whether an injunction is in the public interest. *Powell v. Ryan*, 855 F.3d 899, 902 (8th Cir. 2017) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). To justify an injunction, the movant must establish a reasonable probability of success on his claim. *Id.* at 698.

For the reasons set forth herein, the Plaintiff's motion for preliminary injunction fails as a matter of law and should be denied.

**Denial & Reservation of Defenses**

A Defendant is generally required to admit or deny a Complaint's allegations and to raise defenses in its first responsive pleading, which is generally the first filing by a Defendant. In some cases, as here (or when a permissible motion is filed before any pleading), that is not the case. Out of an abundance of caution, then, the Defendant(s) presenting this motion deny the allegations of the Plaintiff's Complaint and raise all relevant and applicable defenses. This Defendant's first responsive pleading will provide specificity on those items.

**<u>A.</u>** **<u>No/Low Probability of Success on the Merits</u>**

The Plaintiff cannot, at this time, establish a reasonable probability of success on the merits. The Plaintiff makes a multitude of claims, but they all essentially arise from a common nucleus of fact and legal theory. Factually, the Plaintiff concedes, if implicitly - although, in fact, its entire case and motion for preliminary injunction rest entirely upon the notion - that its data mining facility emits noise in excess of 55-60 db in close proximity to county residences at all hours of the day and night and will continue to do so into perpetuity. Were this not so, it would lack standing and justiciability in this case. The Plaintiff's claim also attempts to allege, again if implicitly, that its contractual relationship, goodwill and ongoing viability as a commercial enterprise inexorably rest upon its freedom to continue to emit noise in excess of 55-60 db in close proximity to county residences at all hours of the day and night. As such, the Plaintiff's legal claims assume a constitutional right that does not exists, namely, the right to emit noise in excess of 55-60 db in close proximity to county residences at all hours of the day and night. The Plaintiff phrases this contention

in several creative ways, but this is - in indeed, must be - the underlying legal contention of its lawsuit; unfortunately for the Plaintiff, however, no such constitutional right exists, either in the State of Arkansas or the United States.

The Plaintiff tries, of course, to phrase his legal claims in this case in the nomenclature of well-established constitutional rights, beginning with a claim that a "taking" occurred. Doc. # 1, 172-201. Notably, this claim ("Count One"), which is largely concomitant with the Plaintiff's claim for "Inverse Condemnation" under the Arkansas Constitution ("Count Six," ¶¶ 249-260), with both seeking to recover for an alleged taking of property without due process. The Plaintiff does not actually allege that the Defendants have "taken" any of its property, but merely that the Ordinance might have the alleged effect of "depriv[ing]" the Plaintiff of "the existing use" of its real property without just compensation, but that claim fails as a matter of fact and law. First, as a matter of fact, the Plaintiff has not alleged that it cannot operate its data center at a lower decibel level, that it cannot operate at a decibel below the restrictions in Ordinance 23-20, or even that it has ceased operations. To the contrary, the Plaintiff has already substantially lowered the decibel level of its operation and is working on further sound mitigation efforts. Furthermore, the Plaintiff's data center is - due to a recent fire at the facility - currently operating considerably below the decibel levels set out in Ordinance 23-20. From a legal standpoint, neither the U.S. Supreme Court nor the Arkansas Supreme Court appears to have ever held that any alleged impingement on the scope and/or environmental effects of any existing use constitutes a "taking" or "inverse condemnation." There are myriad ways that the Plaintiff can continue to operate its data center - in fact, it is actually doing so right now - in a manner that conforms with the Ordinance.

The Plaintiff's second claim (Doc. # 1, "Count Two," ¶¶ 202-208), for an alleged "Violation of the Contracts Clause," also fails as a matter of fact and law. First, the Plaintiff has, in conclusory fashion, stated that its contracts "are substantially impaired," but doesn't make any factual allegations in support of that notion and, critically, does not attach, quote from, or even speak to any specific contracts or their puported impairments. Notably, the Plaintiff must show that any allegedly impaired contracts are actually contracts

(offer, acceptance, consideration, not for illegal purpose, etc), which it has not begun to even allege. Additionally, the notion of impairment is flatly contradicted by the Plaintiff's allegations, as the Complaint is replete with allegations of robust fulfillment of contractual orders with a large, but secret clientele of customers, so much so that the Plaintiff claims that it must utilize its full panoply of computing resources at the subject data center 24/7/365 to fulfill the agreements. Ordinance 23-20 does not impair any contracts. In fact, it does not address contracts at all and certainly does not prevent the Plaintiff from servicing any lawful contracts.

The Plaintiff's third claim (Doc. # 1, "Count Three," ¶¶ 209-210) for alleged "Violation of Procedural Due Process" is also not cognizable. Interestingly, the Plaintiff does not allege that the actual enforcement process of the ordinance - charging and litigation in state district court - violates procedural due process (which claim would certainly fail). Instead, the Plaintiff alleges that its constitutional right to procedural due process "in the *Anderson* case" might be infringed, but never really finishes the thought. The Plaintiff's Complaint alleges that it will be deprived of its "right to a federal jury trial on contested issues of fact" and to "a federal court's determination of questions of law," but doesn't say how the Defendants or the subject Ordinance would deprive them of such alleged rights (or even the basis for the proposition that a state court's determination of relevant facts constitutes a per se procedural due process violation). Ultimately, the procedural due process claim assumes the Plaintiff's guilt in the criminal action (and any appeal(s)) and this Court's subsequent preclusion of contrary fact-finding in the *Anderson* case (in addition to a finding that the Ordinance is unconstitutional after a guilty verdict has been rendered, which would seem to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)). The Constitutional presumption of innocence bars this result, however, as a matter of law.

The Plaintiff's fourth claim (Doc. # 1, "Count Four," ¶¶ 220-229) for alleged "Retaliation for Exercise of First Amendment Rights" clearly fails against the County Defendant in this case. In this claim, the Plaintiff asserts that it was subjected to retaliation, allegedly for removing the underlying criminal case to federal court and "challenging" the state court's jurisdiction. The Plaintiff claims that the retaliatory

conduct took the form of "expansion" of the criminal case post-remand. The Plaintiff does not allege that the County played any part in this alleged "expansion," however, or that the County engaged in any action after the removal of the criminal case, the allegedly precipitating event. As such, the Plaintiff's claim for retaliation fails on the facts and the law, at least as to the County.

The Plaintiff's fifth claim (Doc. # 1, "Count Five," ¶¶ 230-248) for alleged "Violation of Equal Protection" also fails. In order to establish an equal protection violation, a plaintiff must show that it "was treated differently than other persons who were in all relevant respects similarly situated." *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 820 (8th Cir. 2011) (quoting *Flowers v. City of Minneapolis*, 558 F.3d 794, 798 (8th Cir. 2009)); *see also Keevan v. Smith*, 100 F.3d 644, 648 (8th Cir. 1996). The Plaintiff alleges that it was treated differently than every other actor in the County based on its nationality (the Plaintiff is an inanimate corporate entity, of course), despite the Ordinance not mentioning or referring to nationality or ethnicity at all. The Plaintiff fails to sufficiently allege, as a factual matter, a relevant comparator, as it does not allege that any other out-of-state corporate entity in the County has emitted noise in excess of 55-60 db in such close proximity to county residences at all hours of the day and night. As such, it's Complaint fails to establish an equal protection violation.

Finally, the Plaintiff seeks a declaratory judgment that Ordinance 23-20 violates state law because there are allegedly no laws of the State of Arkansas that make the conduct proscribed by the Ordinance a misdemeanor. This is flatly wrong. Even if the Plaintiff's analysis of a Quorum Court's legislative authority was correct (it is not), Ark. Code Ann. §5-71-107(a)(2), the statute defining misdemeanor disorderly conduct, broadly makes it a misdemeanor to "make[] unreasonable or excessive noise." A host of other statutes make it a misdemeanor to create such noise with specific items, from loud animals to amplifiers to car horns. In short, Arkansas has multiple misdemeanor statutes that criminalize the making of unreasonable or excessive noise.

**B. No Harm, Irreparable or Otherwise**

The Plaintiff cannot establish irreparable harm because it has continued operations unabated and

has not alleged (certainly not sufficiently) that the sound abatement called for by the subject Ordinance has caused it to cease - or even limit - its operations. As such, this factor should weigh in favor of the Defendant County.

### C. Balance of Equities Weighs in Defendants' Favor

The balance to be weighed by the Court is between an out-of-state commercial entity's purported right to emitted noise in excess of 55-60 db in such close proximity to county residences at all hours of the day and night versus a County's right to reasonably limit such noise. The Defendant would contend that such a balance favors the Defendant County.

### D. Preliminary Injunction Would Undermine the Public Interest

The public has an interest in the noise restrictions at the heart of Ordinance 23-20, as evinced by the Ordinance's passage in the first instance (by vote of the County's elected representatives) and the *Anderson* case, at least. Additionally, the similar provision of Ark. Code Ann. 14-1-601, *et seq.*, are also illustrative of a public interest.

### E. Defendants Defer to the Court on Bond Requirement

Rule 65 of the Federal Rules of Civil Procedure ordinarily requires posting of a bond where a preliminary injunction is ordered. The Defendants contest the necessity for a preliminary injunction in this case, as set out herein, but the Plaintiff has asked the Court to waive the bond requirement. Doc. # 4, p. 18. The Defendants respectfully defer to the discretion of the Court on this question in the event a preliminary injunction is issued.

## III. CONCLUSION

For the reasons set forth herein, the Plaintiff's motion for preliminary injunction should be denied.

Respectfully submitted,

Allen Dodson, Phil Murphy, and Tim Ryals, in their official capacities, and Faulkner County, Arkansas,
*Separate County Defendant*

/s/ Jason E. Owens

Jason E. Owens
Ark. Bar. No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1312 W. Oak Street
Conway, Arkansas 72034
Telephone (501) 764-4334
Telefax (501) 764-9173
Email: owens@jowenslawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notification of all counsel of record.

/s/ Jason E. Owens
Jason E. Owens