IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NEWRAYS ONE LLC**                                                                                                             **PLAINTIFF**

v.                                        Case No. 4:24-cv-00824-LPR

**FAULKNER COUNTY, ARKANSAS;
ALLEN DODSON, in his official capacity
as Faulkner County Judge; TIM RYALS,
in his official capacity as Faulkner County
Sheriff; CAROL CREWS, in her official
capacity as Faulkner County Prosecuting
Attorney; PHIL MURPHY, in his official
capacity as Faulkner County Attorney**                                                          **DEFENDANTS**

## ORDER

This Order concerns, but does not entirely dispose of, Defendant Carol Crews's pending Motion to Dismiss.[1] The Court held a hearing yesterday on the Motion.[2] At that hearing, the disputed issues narrowed somewhat.

First, for purposes of this Motion only, Ms. Crews conceded that Plaintiff's federal law claims for injunctive relief are not barred by the state sovereign immunity doctrine (e.g., the Eleventh Amendment to the United States Constitution).[3] Second, Plaintiff conceded that its state law claims against Ms. Crews are barred by the state sovereign immunity doctrine (e.g., the Eleventh Amendment to the United States Constitution).[4] Third, Plaintiff conceded that Ms. Crews is not the proper defendant for the damages portion of its federal takings claim.[5] Those three concessions resolve much of the Motion.

---

[1] Doc. 35.

[2] *See* Doc. 44.

[3] *See* Aug. 21, 2025 Hr'g Tr. (rough) at 5–7.

[4] *See id.* at 44–45.

[5] *See id.* at 23–25. Absent that concession, the Court is not certain whether it would have considered Ms. Crews (in her official capacity) to be a proper defendant for the damages portion of a federal takings claim. On one hand, the

Still, some disputes remain. Most notably, Defendants believe *Younger* abstention is appropriate in the circumstances of this case.[6] Plaintiff does not.[7] This issue was not sufficiently briefed.[8] Accordingly, at the hearing, the Court ordered Ms. Crews and Plaintiff to submit supplemental briefing on any *Younger* abstention issues they wish to raise. Among other things, the Court is interested in the following information: (1) whether *Younger* abstention can be and has been waived or forfeited by the Defendants in this case; and (2) on the merits of the *Younger* abstention doctrine, whether the Court should abstain from one or more claims brought by Plaintiff in this case. The Court invites the County Defendants to file a Supplemental Brief and a Supplemental Reply (under the same time deadlines and page constraints that apply to Ms. Crews) if the County Defendants wish to be heard one way or the other on the *Younger* abstention issue.

---

Eighth Circuit has said that "Supreme Court cases only contemplate government entities—not individual government officials—providing just compensation." *Glow In One Mini Golf, LLC v. Walz*, 37 F.4th 1365, 1375 (8th Cir. 2022). On the other hand, the Eighth Circuit made this point only for purposes of explaining why a takings claim seeking damages could not be brought against a state official in his or her individual capacity. *See id.* Here, Ms. Crews was sued in her official capacity. And claims against a state officer in his or her official capacity are treated as claims against a state itself. *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). On the third hand, logic dictates that the official-capacity-claims-are-just-claims-against-the-state line of reasoning can only go so far. For example, in our case, could Plaintiff have brought the damages portion of its takings claim against a commissioner of the State Division of Aeronautics in his or her official capacity? Obviously not, even though technically the claim would have just been a claim against the state.

Plaintiff's concession is appreciated, since it allows the Court to avoid mucking around in this morass. At the appropriate time, after the Motion to Dismiss is fully resolved and assuming arguendo that *Younger* abstention does not apply, Plaintiff will be given the opportunity to file a motion for leave to amend its Complaint. Given what was said at yesterday's hearing, the Court expects that any proposed amendment would include a takings claim against the State of Arkansas seeking damages. If such a claim is included in the proposed amendment, the Court would expect (again given what was said at yesterday's hearing) that Defendants will oppose this part of the proposed amendment because—in the State's view—such a claim is barred by the state sovereign immunity doctrine (e.g., the Eleventh Amendment to the United States Constitution). If things unfold in this manner, the Court will then—in the context of deciding the motion for leave to amend—address the question of whether the Takings Clause abrogates the state sovereign immunity doctrine.

[6] *See* Aug. 21, 2025 Hr'g Tr. (rough) at 13.

[7] *See id.* (rough) at 37, 43.

[8] It is understandable that Plaintiff did not develop arguments against *Younger* abstention in its brief opposing dismissal. *See* Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss (Doc 37). That is because Ms. Crews did not raise the issue at all in her Motion to Dismiss. *See* Def.'s Mot. to Dismiss (Doc 35); Br. in Supp. of Def.'s Mot. to Dismiss (Doc 36); Aug. 21, 2025 Hr'g Tr. (rough) at 13. The Court raised the issue *sua sponte*. *See* Aug. 21, 2025 Hr'g Tr. (rough) at 51–52.

That is because, if *Younger* abstention is appropriate, it might well apply to more than just claims against Ms. Crews.

Lastly, at the hearing, the Court ordered the issuance of a partial Initial Scheduling Order. The Court has reconsidered the wisdom of doing so. Instead, the Court will follow its normal practice of issuing an ISO only after resolving all outstanding dismissal motions. If *Younger* abstention is appropriate, it might well apply to the whole case, or at least to a number of claims against the County Defendants in addition to one or more claims against Ms. Crews. The Court's point is that the *Younger* abstention decision may change the entire complexion of this case for discovery purposes. And this constitutes good cause under Federal Rule of Civil Procedure 16(b) to delay issuing the ISO until resolution of the pending Motion to Dismiss.

Here's the bottom line at this point. The Court GRANTS the Motion to Dismiss as to the state law claims against Ms. Crews. The Court also GRANTS the Motion to Dismiss as to the damages portion of the federal takings claim against Ms. Crews. The Court HOLDS IN ABEYANCE and STAYS the Motion to Dismiss as to the federal law injunctive relief claims against Ms. Crews. The stay will automatically lift seven (7) days after the deadline for the filing of Supplemental Replies on the *Younger* abstention issue.[9]

IT IS SO ORDERED this 22nd day of August 2025.

                                                  LEE P. RUDOFSKY
                                                  UNITED STATES DISTRICT JUDGE

---

[9] Prosecutorial immunity might still bar the federal injunctive relief claims against Ms. Crews, in part or in full. The Court will not decide that question until it considers the *Younger* abstention issue.